## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAMIAN WALKER, TDCJ #02332017, | § | |
| Plaintiff, | § | |
| v. | § | SA-21-CV-00677-XR |
| | § | |
| BRIAN COLLIER, Executive Director | § | |
| TDCJ-CID; BOBBY LUMPKIN, Director | § | |
| TDCJ-CID; AND PHONSO RAYFORD, | § | |
| Warden, John B. Connally Unit, | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Damian Walker's ("Walker") *pro se* 42 U.S.C. § 1983 Amended Civil Rights Complaint, Defendants' Rule 12(b)(5) motion to dismiss, and Walker's response in opposition to the motion to dismiss. (ECF Nos. 10, 31, 32). Upon review, the Court orders Defendants' Rule 12(b)(5) motion to dismiss **GRANTED** and Walker's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to serve Defendants in accordance with the Federal Rules of Civil Procedure and this Court's Order. *See* FED. R. CIV. P. 4, 41(b).

### BACKGROUND

According to records from the Texas Department of Criminal Justice ("TDCJ"), Walker is serving eighteen years following his Bexar County conviction for the offense of aggravated assault with a deadly weapon. *See* Texas Department of Criminal Justice Inmate Search (last visited Jan. 19, 2022). Walker is currently confined in TDCJ's Connally Unit in Kenedy, Texas. (ECF No. 1).

While confined, Walker filed this section 1983 Complaint against: (1) Brian Collier, TDCJ Executive Director; (2) Bobby Lumpkin, TDCJ Director; and (3) Phonso Rayford, Connally Unit Warden. (ECF No. 1). Walker subsequently filed his Amended Complaint in which he contends Defendants Collier and Lumpkin conspired to violate his First Amendment right to receive and

possess sexually explicit materials by enacting a policy banning and ordering the confiscation of such materials. (ECF No. 10). As to Rayford, Walker contends he "will in the near future" violate Walker's First Amendment rights by enforcing the policy banning and ordering the confiscation of sexually explicit materials. (*Id.*).

When Walker filed his original Complaint, he also filed an Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2). After reviewing Walker's IFP application, the Court found Walker is not indigent. (ECF No. 5). Walker's IFP application showed that in the twelve months prior to filing suit he received $300.00 from a family member and two stimulus checks totaling $3,200.00. (ECF Nos. 2, 5). Additionally, Walker's six–month inmate trust fund account history showed deposits of $3,702.20, with a six–month average balance of $847.66. (ECF Nos. 2, 5). Because there is no absolute right to proceed in federal court in civil matters without first paying a filing fee, and Walker did not establish indigency, the Court ordered him to pay the $402.00 filing fee.[1] (ECF No. 5); *see Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997) (citing *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997)). Walker filed a motion asking the Court to reconsider its decision, but it was denied. (ECF Nos. 8, 9). After an extension was granted, Walker paid the filing fee. (ECF No. 14).

After Walker paid the filing fee, the Court rendered an Order advising Walker it was his responsibility to serve Defendants with a summons and a copy of his Amended Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedures within ninety (90) days from the

---

[1] *See* Fee Schedule – U.S. District Court (uscourts.gov) (last visited Jan. 19, 2022). The fee includes a $52.00 administrative fee which is waived only if an inmate is granted IFP status. Inmates are still required to pay the $350.00 filing fee even if granted IFP status. *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) (quoting 28 U.S.C. § 1915(b)(1)).

2

date his Amended Complaint was filed, i.e., ninety (90) days from August 4, 2021. (ECF No. 15); *see* FED. R. CIV. P. 4. The Clerk of Court was ordered to forward to Walker three summons forms, which Walker would complete and return for issuance. (*Id.*). Walker was ordered to serve Defendants in accordance with Rule 4 on or before November 2, 2021. (*Id.*).

The Clerk of Court provided Walker with three summons forms not once, but twice. (ECF Nos. 17, 20). The Court ordered the Clerk of Court to provide Walker with a second set of summons forms because when he received the first set, he mistakenly sent the forms to Defendants instead of returning them to the Court as required. (ECF Nos. 19, 20). Recognizing his error, Walker requested a second set of summons forms, and the Court granted his request by order dated October 15, 2021. (ECF Nos. 19, 20). Walker then moved for a third set of summons forms and an extension of time to serve Defendants, claiming the summons forms were not enclosed with the Court's October 15, 2021 Order. (ECF Nos. 20, 23, 24).

Despite Walker's claims, the Court's records showed the summons forms were sent with the Court's October 15, 2021 Order. (ECF No. 20). Moreover, Walker filed correspondence on October 27, 2021, which included the completed summons forms Walker had claimed he did not receive. (ECF No. 25). Thus, the Court denied Walker's request for an extension of time for failure to show good cause, and the Clerk of Court returned to him the certified summons forms. (ECF No. 27). In that Order, the Court reminded Walker service needed to be effectuated by November 2, 2021, in accordance with Rule 4. (*Id.*).

On November 4, 2021, Walker returned proofs of service for Defendants. The proofs of service for Collier and Rayford showed they were "mailed" to these Defendants by another inmate, Marcello Gibbs TDCJ #2197635, on November 2, 2021. (ECF Nos. 28, 29). The proof of service

3

for Lumpkin was also returned to the Court on November 4, 2021, but it was not completed, i.e., the proof of service form was not filled in. (ECF No. 30).

On December 9, 2021, Defendants filed a motion to dismiss based on insufficient or absent service. (ECF No. 31). Walker filed a response in opposition. (ECF No. 32).

APPLICABLE LAW

Rule 4(c)(1) provides that the plaintiff must serve a summons with a copy of the complaint to all defendants within the time allowed by Rule 4(m). FED. R. CIV. P. 4(c)(1). Rule 4(m) provides service must be effectuated within ninety (90) days after the complaint is filed. *Id.* R. 4(m). If service is not completed within the time allotted by Rule 4(m), the Court— on motion or *sua sponte* after notice — must dismiss the action without prejudice. *Id.*; *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). The Court need only extend time for service if the plaintiff shows good cause for failing to serve defendants in accordance with Rule 4(m). *Id.* Unless a defendant is served with process pursuant to Rule 4, a federal court lacks personal jurisdiction over the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

An individual within a judicial district of the United States may be served by someone who is at least eighteen (18) years old and not a party to the action by: (1) following the state law for serving a summons in the state where the district court is located or where service is made; (2) delivering a copy of the summons and complaint to each individual defendant personally; (3) leaving a copy of the summons and complaint at each individual defendant's dwelling or usual place of abode with someone of suitable age who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *Id.* R. 4(c)(2), (e). In this case, personal service was not attempted, so Walker had to

4

follow state law for service. *Id.* R. 4(e)(1). The district court in this case is in Texas, as are Defendants, so Walker was required to effectuate service in accordance with Texas law. *Id.*

Rule 106 of the Texas Rules of Civil Procedure governs methods of service in Texas. *See* TEX. R. CIV. P. 106. Pursuant to the rule, unless otherwise ordered or directed by a court, service is effectuated by: (1) delivering to the defendant, in person, copies of the citation (summons) and petition (complaint); or (2) mailing to the defendant "by registered or certified mail, return receipt requested," a copy of the citation (summons) and petition (complaint). TEX. R. CIV. P. 106(a). Only upon motion supported by a sworn statement may service be effectuated by leaving a copies with anyone older than sixteen (16) at the location specified in the statement or in any other manner shown to be reasonable effective. *Id.* R. 106(b). Thus, in the absence of personal service, Walker was required to have someone other than himself, who is over the age of eighteen (18), serve each Defendant "by registered or certified mail, return receipt requested" with copies of the summons and complaint on or before November 2, 2021. (ECF No. 15); FED. R. CIV. P. 4(c), (e)(1); TEX. R. CIV. P. 106(a)(2).

When service is challenged, the serving party bears the burden of proving good cause for any failure to effect timely, proper service. *Thrasher*, 709 F.3d at 511 (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)). "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1205, 1306 (5th Cir. 1984)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.*

A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Federal Rules of Civil Procedure. *Id.* at 512.

ANALYSIS

### A. *Defendants Collier and Rayford*

With respect to Walker's attempted service on Collier and Rayford, the Court finds it was ineffectual. The proofs of service filed by Walker show service was made by another inmate via regular mail, not registered mail or certified mail, return receipt requested, as required by Rule 106 of the Texas Rules of Civil Procedure. (ECF Nos. 28, 29); *see* TEX. R. CIV. P. 106(a)(2); *see also* FED. R. CIV. P. 4(e)(1). There are no green cards or other documents attached to the proofs of service showing the use of registered or certified mail as required. (ECF Nos. 28, 29). According to the TDCJ Offender Handbook, registered and certified mail is available to TDCJ inmates. *See Tex. Dep't of Criminal Justice Offender Orientation Handbook* (revised 2017), *available at* https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf (last visited Jan. 19, 2022). Chapter 3, section I, subsection C of the Handbook provides that inmates may send mail first class, certified, media rates, or priority United States mail through the offender mail system. *Id.* Moreover, it does not appear Walker attached a copy of the Amended Complaint to the summons as required. *See* Fed. R. Civ. P. 4(c)(1); TEX. R. CIV. P. 106(a)(2). Thus, the Court finds Walker has failed to serve Collier and Rayford in accordance with the Rule 4 of the Federal Rules of Civil Procedure and this Court's October 15, 2021 Order.

### B. *Defendant Lumpkin*

Although Walker returned a proof of service for Lumpkin, the proof is completely blank. (ECF No. 30). Thus, it does not appear Walker attempted to effectuate service on Lumpkin by any means within the ninety (90) days as mandated by Rule 4 and this Court's Order. (ECF No. 15); *see* FED. R. CIV. P. 4. Thus, the Court finds Walker has failed to serve Lumpkin in accordance with the Rule 4 of the Federal Rules of Civil Procedure and this Court's October 15, 2021 Order.

### C. *Good Cause for Failure to Properly Effectuate Service*

Walker filed a response to Defendants' motion to dismiss. (ECF No. 32). Therein, Walker seems to believe Defendants' motion to dismiss is based on the fact that service was attempted by inmate Marcello Gibbs TDCJ #2197635, who Walker tried to include as a plaintiff in his Amended Complaint. (ECF Nos. 10, 32). Walker points out, as did this Court in its October 15, 2021 Order, that none of the inmates named as potential plaintiffs by Walker in the Amended Complaint signed the Complaint and they were, therefore, not properly before the Court. (ECF Nos. 15, 32). However, the Court finds Walker misreads Defendants' motion to dismiss.

As to Collier and Rayford, Defendants' motion is not based on the fact that service was attempted by a party to the action in violation of Rule 4(c)(2), but rather on the failure to effectuate service by registered or certified mail, return receipt requested, or to attach a copy of the Amended Complaint to the summons. (ECF No. 31). As to Lumpkin, the motion is based on Walker's failure to serve Lumpkin. (*Id.*). Thus, Walker's argument that Gibbs was not a party and was therefore capable of effectuating service is irrelevant. (ECF No. 32).

Walker admits he failed to attach a copy of the Amended Complaint to the summons forms sent to Collier and Rayford. (*Id.*). However, Walker argues the Court should overlook this deficiency because Defendants "did not argue in their motion to dismiss that they in fact never received a complaint nor argued to dismiss of insufficient notice of pendency of the action against them." (*Id.*). Walker contends this constitutes waiver. Walker is incorrect.

Walker also contends his failure to effectuate service in accordance with Rule 4 should be excused because he sent a copy of the Amended Complaint by regular mail to Defendants. (*Id.*). He points the Court to his Amended Complaint. (*Id.*). First, there is nothing in the Amended Complaint showing it was sent to Defendants. (ECF No. 10). Second, even if Walker sent a copy of the Amended Complaint to Defendants, this is insufficient and does not constitute a viable excuse for Walker's failure to comply with the mandates of Rule 4. Service in accordance Rule 4 is mandatory and in the absence of proper service or waiver of service by Defendants, this Court is without jurisdiction over Defendants and cannot proceed. *See Murphy Bros., Inc.*, 526 U.S. at 350–51.

After reviewing Walker's "good cause" arguments, the Court finds none of the reasons supplied by Walker rise to the level of excusable neglect so as to justify improper or absent service or entitle Walker to an extension. *See Thrasher*, 709 F.3d at 511. Walker's failure to understand Rule 4 does not constitute excusable neglect justifying good cause. *See Sys. Signs Supplies*, 903 F.2d at 1013.

## CONCLUSION

Based on the foregoing, the Court finds Walker failed to effectuate proper service on Defendants Collier and Rayford. The Court further finds Walker failed to serve Lumpkin at all.

Walker has not presented any excuses amounting to good cause for his failures. Thus, the Court concludes Defendants' motion should be granted and this matter dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Rule 12(b)(5) motion to dismiss (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker's 42 U.S.C. § 1983 Amended Complaint (ECF No. 10) is **DISMISSED WITHOUT PREJUDICE** for failure to serve Defendants in accordance with the Federal Rules of Civil Procedure and this Court's Order. *See* FED. R. CIV. P. 4, 41(b).

It is so **ORDERED**.

SIGNED this January 19, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE